UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:   1:17-cv-20029-DPG

DOUG LONGHINI, an Individual

      Plaintiff,

v.

SUSFAM, INC., a Florida Corporation,
and EPSILON OMEGA, INC., a Florida Corporation
IHOP HOMESTEAD 36-54,

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SUSFAM, INC., a Florida Corporation, and EPSILON OMEGA, INC., a Florida Corporation d/b/a IHOP HOMESTEAD 36-54 (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, et seq.

4.     Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

5.     At all times material, Defendant, SUSFAM, INC., was and is a Florida Corporation, with its principal place of business, agents and/or offices in Miami, Miami-Dade County, Florida.

6.     At all times material, Defendant, SUSFAM, INC., owned the restaurant real property located at 399 Homestead Blvd., Homestead, Florida 33030 (hereinafter the "restaurant property") in Miami-Dade County, Florida.

7.     At all times material, Defendant, EPSILON OMEGA, INC., was and is a Florida Corporation doing business as "IHOP HOMESTEAD 36-54", with agents and/or offices in both Lake Worth, Palm Beach County, Florida and Homestead, Miami-Dade County, Florida.

8.     At all times material, Defendant, EPSILON OMEGA, INC., owned and operated a restaurant business located at 399 Homestead Blvd., Homestead, Florida 33030, and said restaurant business holds itself out to the public as "IHOP HOMESTEAD 36-54."

9.     Venue is properly located in the Southern District of Florida because Defendants' businesses and the real property that form the operative nucleus of this ADA Action are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Homestead, Florida.

## FACTUAL ALLEGATIONS

10.     Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the

Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses.

13. 12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14.     Defendant, SUSFAM, INC., owns, operates and oversees the restaurant property, its general parking lot and parking spots specific to the businesses therein, to include the Co-Defendant's restaurant, located in Homestead, Florida that are the subject of this Action.

15.     The subject restaurant property is open to the public and is located in Miami-Dade County, Florida.   The individual Plaintiff visits the restaurant property regularly, to include a visit to the property on or about November 30th, 2016 and he encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the restaurant property, in order to avail himself of the goods and services offered to the public at the business, if the property/businesses becomes accessible.

16.     Plaintiff visited the restaurant property as a patron/customer prior to this lawsuit, regularly visits the restaurant businesses as a patron/customer, and continues to return to the

restaurant property in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled nearby in the same County and state as the property, has regularly frequented the Defendants' Homestead restaurant location for the intended purposes, and intends to return to the property within a months' time of the filing of this Amended Complaint.

17.     The Plaintiff found the restaurant property and restaurant business to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the subject property, and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the subject restaurant property and business.   The barriers to access at Defendants' property have each denied or diminished Plaintiff's ability to visit the property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19.     Defendant, SUSFAM, INC., owns and operates, a real property that is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, SUSFAM, INC., is responsible for complying with the obligations of the ADA. The real property and place of public accommodation that Defendant, SUSFAM, INC., owns and operates is the restaurant property located at 399 Homestead Blvd., Homestead, Florida 33030.

20.     Defendant, EPSILON OMEGA, INC., owns and operates a restaurant business that is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, EPSILON OMEGA, INC. (d/b/a IHOP HOMESTEAD 36-54), is responsible for complying with the obligations of the ADA. The restaurant business and place of public accommodation that Defendant,

EPSILON OMEGA, INC., owns and operates is the business located at 399 Homestead Blvd., Homestead, Florida 33030 (within Miami-Dade County, Florida).

21.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described restaurant property and restaurant business, but not necessarily limited to the allegations in Paragraph 23 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the restaurant property, in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the restaurant property therein, as prohibited by 42 U.S.C. § 12182 et seq.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the property and Defendant's business, include, but are not limited to, the following:

   A. **Parking**

      1.   The Plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable.

2.  There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

B. **Entrance Access and Path of Travel**

1.  The Plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2.  The Plaintiff could not enter the restroom without assistance as the door width was too narrow. The clear width at doors to the facility are less than the prescribed minimums, in violation of Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3.  The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There is no accessible routes from the public sidewalks, bus stops and between the buildings.   These are violations of the requirements in Section 4.3.2 of the ADAAG and Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

C. **Access to Goods and Services**

1.  The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section

4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**D. Public Restrooms**

1. The Plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not use the lavatory as it was mounted too high. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG and Section 306.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff had difficulty using the grab bars as the required grab bars are not provided. Violation: The grab-bars in the toilet room stalls do not comply

with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not exit the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

24. The discriminatory violations described in Paragraph 23 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the restaurant property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants

because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate

relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 399 Homestead Blvd., Homestead, Florida 33030, the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids

and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

Dated: April 25th, 2017

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
Marina Lakes, No.3
   4937 S.W. 74th Court
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails:ajperelaw@gmail.com,
   agarciamenocal@gmplaw.com and
   agmlaw@bellsouth.net

By:   */s/ Anthony J. Perez*
   ANTHONY J. PEREZ
   Florida Bar No.: 535451
   ALFREDO GARCIA-MENOCAL
   Florida Bar No.: 533610

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 25th, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

**GARCIA-MENOCAL, & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, No.3
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperezlaw@gmail.com
Secondary E-Mail: agmlaw@bellsouth.net

By: ___/s/ Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610